IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN E. TRAMMELL                                                                                           PLAINTIFF

v.                                            No. 5:16-CV-05062

JONATHAN CORNELISON, Deputy,
Madison County Sheriff's Department                                                                DEFENDANT

**OPINION AND ORDER**

The Court has received a report and recommendation (Doc. 45) from United States Magistrate Judge Mark E. Ford. No objections have been filed and the deadline to file objections has passed. The Magistrate recommends that Defendant's motion (Doc. 39) for summary judgment be granted in part and denied in part. In particular, the Magistrate recommends that the official capacity claim against Defendant should be dismissed, but that the individual capacity claim against him should proceed. After careful review, the Court will adopt the report and recommendation in part, and will grant the motion for summary judgment in its entirety.

On February 17, 2015, Defendant witnessed a hand to hand transaction between Plaintiff and an individual later identified as Dianna Manning. Defendant recognized Plaintiff and stopped him for driving on a suspended license and without a seat belt, and for outstanding arrest warrants. In a lawful search of Plaintiff's vehicle, Defendant located controlled substances and $612 in cash. As part of a search incident to arrest, Defendant located a cell phone. On February 18, 2015, a search warrant was issued authorizing a search of the cell phone for, verbatim:

> Items to be seized: Information concerning the trafficking of narcotics from the digital data from the phone (contacts (stored phone numbers), phone calls (incoming & outgoing), text messages (incoming & outgoing), SMS (incoming and outgoing), emails (incoming & outgoing), stored media, pictures and video's) & audio from a digital recorder. (Note: Only property listed may be seized)

(Doc. 41-2, p. 43). The issuing judge checked a box indicating that the warrant was to be served

within three days of its issue and that the warrant and seized property were to be returned to the judge within five days after execution. *Id.*

Text messages regarding drug transactions between Plaintiff and Manning were located on the phone and later led to Manning's arrest. Additionally, on February 19, 2015, an individual later identified as Beverly Ball sent a text message to Plaintiff's phone attempting to purchase methamphetamine. Someone—apparently Defendant—used the phone to communicate with Ball to set up a drug transaction. Defendant later located and arrested Ball, who admitted to sending the text message and to going to the site of the intended drug transaction. Plaintiff suffered no actual injury from Defendant's actions, but the report and recommendation notes that he may be entitled to nominal damages in the event that a constitutional violation occurred.

The Magistrate ultimately concludes that the warrant covered any existing text messages and any incoming text messages received by the phone prior to the return of the warrant on February 24, 2015, but that a police officer's use of the phone to send text messages to set up drug buys during that time would exceed the scope of the warrant and violate Plaintiff's fourth amendment rights. The Magistrate recommends that the individual capacity claim proceed on this basis. The Court disagrees. Though the technology at issue in the instant case is new, older precedent from the Fifth Circuit Court of Appeals is useful in determining that Defendant's use of the phone to respond to incoming communications attempting to set up drug transactions was within the scope of the warrant:

> The evidence gleaned from the telephone calls is analogous to the seizure of evidence not described in a search warrant. Evidence not described in a valid search warrant but having a nexus with the crime under investigation may be seized at the same time the described evidence is seized. The test is whether the agent had probable cause to believe that the evidence sought will aid in a particular apprehension or conviction. Of course the warrant here could not have described any words to be seized from telephone calls that had not yet been made, but, with equal certainty, an agent in these circumstances had probable cause to believe that

2

> other evidence of gambling could be obtained by answering a ringing telephone in premises that had already yielded warrant-authorized evidence of gambling. We should not be understood as holding that this was not a form of search which must be tested by Fourth Amendment standards of reasonableness. What we find is that under these circumstances this search did not exceed those standards. *The officer had a duty to gather and preserve this contemporaneous evidence of criminal activity occurring in his presence.* If a number of the calls had been innocent calls or if the search had been conducted for a prolonged period of time, then the standards of reasonableness could be transgressed. But the record before us shows the agent received no innocent calls; rather, all of the 53 calls received during the four hour period concerned gambling. One further caveat is appropriate. We in nowise intend to trench upon the rule which holds that in every search an officer should obtain a warrant as soon as practicable. We simply cannot fault the police conduct disclosed here.

*United States v. Kane*, 450 F.2d 77, 85 (5th Cir. 1971) (emphasis added) (citations and quotations omitted).

Defendant's communications with Ball occurred during the warrant period. His review of communications received by the cell phone before the warrant was returned was explicitly authorized by the warrant. Those communications were intimately related to the illegal conduct of trade in controlled substances that justified the search warrant in the first place. Defendant's communications to Ball were an investigation into contemporaneous evidence of criminal activity occurring in his presence. The Court cannot conclude on the facts in this case that Defendant's use of the cell phone was unreasonable, nor that it exceeded the scope of the warrant.

Accordingly, the report and recommendation (Doc. 45) is ADOPTED IN PART. Defendant's motion for summary judgment (Doc. 39) is GRANTED and this case is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 22nd day of March, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE